UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA BUSH** | ) | Case Number |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| **I.C. SYSTEMS, INC.** | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Amanda Bush, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Amanda Bush (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.  PARTIES

4. Plaintiff, Amanda Bush is an adult natural person residing at 476 Eugene Street, Lander, WY 82520.

5. Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Wyoming with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about October 1, 2009, Plaintiff began receiving calls to her home and her place of employment from the Defendant in regards to a debt owed to Bank of

America.

8. Defendant has spoken to Plaintiff's co-workers in regards to the debt and has asked them to have the Plaintiff call back as soon as possible.

9. Plaintiff has asked the Defendant's agents not to call her at her place of employment again, however the calls continue up to three (3) times a day.

10. Plaintiff has never received anything in writing from the Defendant as of the filing of this complaint.

11. Plaintiff has informed Defendant and their agents that she is being represented by Persels & Associates and that they need to speak with them directly. Defendant told Plaintiff that they will not work with a third party.

12. Defendant's agents have told the Plaintiff that Persels cannot really help her and that Persels is just telling her that they can clear up the debt for her.

13. On or about November 4, 2009, Plaintiff received a call from an agent of the Defendant who told the Plaintiff that he didn't even believe that she was being represented by Persels.

14. On or about November 4, 2009, Persels & Associates sent a cease and desist letter to the Defendant informing them that they had been retained to help the Plaintiff in settling her debts and that they needed to immediately cease any further contact with the Plaintiff.  **See Exhibit "A" (letter) attached hereto.**

15. Defendant continues to call the Plaintiff daily looking for payment on the balance due in this matter.  Defendant still refuses to work with Persels to negotiate payment terms on the Plaintiff's behalf.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(2): | Contact of Third Party:  Stated that the consumer owes any debt |
| § 1692b(3): | Contact of Third Party:  Contacted a person more than once, unless requested to do so |
| § 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| § 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| § 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692d(6): | Place telephone calls without disclosing his/her identity |

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g: Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

V.         **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                      **Respectfully submitted,**

                                      **WARREN & VULLINGS, LLP**

**Date: November 30, 20099**        **BY: /s/Brent F. Vullings**
                                                            Brent F. Vullings, Esquire
                                                            Warren & Vullings, LLP
                                                            1603 Rhawn Street
                                                           Philadelphia, PA  19111
                                                           215-745-9800   Fax 215-745-7880
                                                           Attorney for Plaintiff